STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 05-1348


JOEL TYLER

VERSUS

SHAWN BART


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 05-00860
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE


\*\*\*\*\*\*\*\*\*\*


PER CURIAM


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.



JUDGMENT VACATED; REMANDED.



**Stephen E. Everett**
**Attorney at Law**
**823 Johnston Street**
**Alexandria, LA 71301**
**(318) 443-6312**
**Counsel for Plaintiff/Appellee:**
**Joel Tyler**

**Barry Ray Laiche**
**Jeremy C. Cedars**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**Attorney at Law**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant/Appellant:**
**Shawn Bart**

**PER CURIAM.**

An appeal from a default judgment in a workers' compensation case entered in favor of Joel Tyler was filed by Shawn Bart. As indicated by the briefs, there is actually no person or entity known as "Shawn Bart." Mr. Tyler was employed by Shawn Barton Masonry, L.L.C., a Louisiana limited liability company with only one member, Shawn Barton. The appeal raised the issue that default judgment was entered without any evidence that a mediation conference had been noticed or scheduled pursuant to La.R.S. 23:1310.3. Another issue concerned whether there was proper service of process.

In his reply brief, Mr. Tyler observes that notices of mediation were sent to the correct address of the employer under the name "Shawn Bart," and no one appeared on behalf of the employer. Mr. Tyler states that he had no knowledge of the correct facts of his employment until the appeal was taken and the Appellant's brief was filed. However, in brief Mr. Tyler agrees that, in the interests of justice, the default judgment should be vacated and the case remanded for further proceedings.

Therefore, the judgment in these proceedings, rendered on July 25, 2005, is vacated. This case is remanded to the Office of Workers' Compensation for further proceedings. Costs of this appeal are assessed equally among the parties.

**JUDGMENT VACATED; REMANDED.**

1